JOHN E. FRYMIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1774.    Promulgated December 8, 1926.

Losses and expenses incurred in prior year are not deductible from gross income of the taxable year.

*Bertin A. Weyl, Esq.,* and *W. H. Teasley, C. P. A.,* for the petitioner.

*D. D. Shepard, Esq.,* for the respondent.

The Commissioner found a deficiency in income tax for the year 1919 in the amount of $682.59. In his original petition the petitioner alleged numerous errors of the Commissioner in determining the deficiency asserted. In an amended petition presented at the hearing, to which the Commissioner made answer in the form of a general denial, the petitioner abandoned some of his allegations of error previously alleged and introduced a new claim for a further deduction from his gross income for the taxable year. The effect of the amendment to the pleadings and the abandonment of issues by the petitioner is to leave two questions for adjudication by the Board, viz: (1) Whether the petitioner is entitled to deduct from his gross income for the taxable year an amount alleged to have been sustained as loss during such year, and (2) whether certain book entries as of the year 1919, and the facts in connection therewith, entitled the petitioner to deduct the amount thereof from his gross income in his income-tax return for such year as ordinary and necessary expenses.

### FINDINGS OF FACT.

The petitioner is a married man, residing at Long Beach in the State of California. During the years 1916, 1917, and 1918, he was engaged in two enterprises. One was a fish cannery, operated under the fictitious name of the Golden State Tuna Packing Co., of which he was the sole owner, and the other was a cannery or packing house, operated under the fictitious name of Golden West Packing Co., in which he was associated with three partners, viz, Van Landingham, Koda, and Tegima.

The Golden West Packing Co. kept its books and made its income-tax returns on an accrual basis for a fiscal year ended on March 31. For the fiscal year of the partnership ended March 31, 1919, the petitioner had an agreement with his partners whereby he was allowed $200 a month as a drawing account. At December 31, 1918, he had drawn little or nothing under this agreement, and the

amount of $1,600 had been credited to him on the books of the partnership. In making his income-tax return for the calendar year 1918, he included the balance of the undrawn drawing account standing to his credit on the books of the partnership in his gross income for such year, and in due course paid the Federal income tax assessed thereon.

Some time in 1919, and in the fiscal year of the partnership ended March 31, 1920, Van Landingham purchased the interest of Koda and Tegima in the Golden West Packing Co., which had not been financially successful and was owing substantial amounts of money. It was agreed between the petitioner and Van Landingham, as a condition of the new partnership agreement entered into orally, that Van Landingham would assume and pay the petitioner's proportionate part of the debts due by the partnership, and that the petitioner would cancel his claim against the partnership for salary accrued and credited to him prior to December 31, 1918, in the amount of $1,600. In his income-tax return for 1919, the petitioner deducted such amount from his gross income as a loss sustained during that year. Upon audit of this return, the Commissioner disallowed such deduction and added $1,600 to the petitioner's gross income for the year 1919 and determined, in part, the deficiency here in question.

The Golden State Tuna Packing Co. needed additional capital in 1916. To secure such capital the petitioner entered into a written agreement with Van Landingham. The terms of this agreement material to the present issue were that Van Landingham would obtain or assist the petitioner to obtain the required capital, and, for such assistance in securing the money needed for operations, the petitioner agreed to pay the said Van Landingham one-half of all net profits earned by the Golden State Tuna Packing Co. until such time as the notes given for additional capital were paid in full. The petitioner also agreed to render monthly statements of the business to Van Landingham and to pay the latter his share of the profits accruing under the agreement at the end of each calendar year.

The Golden State Tuna Packing Co. earned substantial profits during the years 1916, 1917, and 1918, and was sold by the petitioner some time in the year 1919. No cash payments were ever made to Van Landingham on account of the agreement whereby additional capital was obtained. Some time in 1919 the petitioner and Van Landingham made a tentative adjustment of their financial relations with each other, which included many items in addition to the petitioner's obligation to pay Van Landingham half the profits of the Golden State Tuna Packing Co. At the date of this adjustment, the books of the Golden State Tuna Packing Co. showed a capital in-

vestment or capital account in the net amount of $38,021.98, and that, at the date of the agreement whereby additional capital was obtained, the net investment account was $5,901.08. On this showing that the profits made during the life of the agreement, hereinafter described, amounted to $32,120.90, the personal account of Van Landingham was credited with the amount of $16,060.45, and subsequently, with an additional amount of $3,883.60, or a total of $19,944.05.

OPINION.

LANSDON: The first question to be determined here is whether the petitioner was entitled to deduct the amount of $1,600 from his gross income for 1919 as a loss sustained during the taxable year. This is the alleged salary which the petitioner asserts that he earned, received credit for, and paid taxes on in 1918, but never received at any time. The petitioner relinquished his right to receive such salary in 1919, but it is in evidence that he received compensation therefor by having his share of the debts of the partnership paid, and there is no evidence that he sustained any loss in connection with this item.

The petitioner's claim for a deduction from gross income for the year 1919, in the amount of $19,994.05, is based on the assertion that this was a payment made for the purpose of securing additional capital and, as such, was an ordinary and necessary operating expense. Such additional capital was obtained from banks on the joint note of Frymier and Van Landingham pursuant to an agreement which provided that Van Landingham should receive 50 per cent of the profits of the Golden State Tuna Packing Co. as compensation for guaranteeing such notes. This may have been the actual purport of the contract, but to us it has all the appearance of a partnership agreement. It is not necessary, however, to discuss the significance of the agreement. If the alleged expenses were incurred at all they apply to the years 1916, 1917, and 1918, only, since the Golden State Tuna Packing Co. was sold by the petitioner in 1919, and as his property engaged in no operation during that year. The law specifically provides for the deduction of ordinary and necessary expenses from gross income for the year in which such expenses are paid or incurred. The evidence convinces us that the Golden State Tuna Packing Co. kept its books on the accrual basis. It follows, therefore, that ordinary and necessary expenses should have been deducted from gross income for the year such charges accrued. There are no provisions of law under which we may authorize the deduction of expenses accrued in 1916, 1917, and 1918, from gross income of 1919.

*Judgment will be entered for the Commissioner.*